UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20cv24347

**4FLAC LLC, a Florida limited liability company**

      **Plaintiff**

vs.

*Transcol, S.A.,* **a Panama entity**

      **Defendants.**

_____/

## COMPLAINT

COMES NOW THE PLAINTIFF, **4FLAC LLC, a Florida limited liability company** (the "Plaintiff"), and do hereby file this **Complaint**, and do hereby sue *Transcol, S.A.,* **a Panama entity**, (the "Defendant", in plural referred to as the "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and other relief pursuant to **Count I-** Declaratory Relief as to the ownership, value, dividends owed, and declaration of other rights, with respect to those certain original Two-Hundred Thousand 200,000.00 shares issued in December, 1983, *via* certificate no. 2 (collectively the "Shares"); *and* **Count II-** Breach of Fiduciary Duty with Reservation of Right to Seek Punitive Damages against Defendant *Transcol, S.A.,* **a Panama entity**.

## PARTIES

2.	At all times relevant herein, the **original Shares** which are the subject hereof have been owned and held in Miami-Dade County, Florida.

3.	At all times relevant herein, the **Defendant Transcol, S.A., a Panama entity** had the necessary minimum contacts with the State of Florida to submit themselves to the jurisdiction hereof, including but not limited to by the issuance of shares to owners in Florida. Further identifying and/or entity structure information for the **Defendant Transcol, S.A., a Panama entity, as follows:**

# TRANSCOL S.A.

| | |
|---:|---|
| Company Number | 60972 |
| Native Company Number | 60972S |
| Status | Suspendido |
| Incorporation Date | 3 October 1980 (about 40 years ago) |
| Company Type | SOCIEDAD ANONIMA |
| Jurisdiction | Panama |
| Registered Address | PROVINCIA PANAMÁ |
| | Panama |
| Agent Name | RUBIO & RUBIO 1 |
| Directors / Officers | ARNOLDO CANO H, tesorero |
| | ARNOLDO CANO H, director |
| | CARLOS EDUARDO RUBIO, presidente |
| | CARLOS EDUARDO RUBIO, director |
| | EL PRESIDENTE, representante |
| | JORGE HERNAN RUBIO C, secretario |
| | JORGE HERNAN RUBIO C, director |
| | ROSENDO ZAMBRANO VEGA, suscriptor |
| | RUBIO & RUBIO 1, agent |
| | TEODORO EINSTEIN ROBINSON DUFF, suscriptor |
| Registry Page | http://www.registro-publico.gob.pa/co... |

## Events for TRANSCOL S.A.

- On 1980-10-03 — Incorporated
- Between 1980-10-03 and 2019-01-05 — Addition of officer ARNOLDO CANO H, director
- Between 1980-10-03 and 2019-01-05 — Addition of officer ARNOLDO CANO H, tesorero
- Between 1980-10-03 and 2019-01-05 — Addition of officer CARLOS EDUARDO RUBIO, director
- Between 1980-10-03 and 2019-01-05 — Addition of officer CARLOS EDUARDO RUBIO, presidente
- Between 1980-10-03 and 2019-01-05 — Addition of officer EL PRESIDENTE, representante
- Between 1980-10-03 and 2019-01-05 — Addition of officer JORGE HERNAN RUBIO C, director
- Between 1980-10-03 and 2019-01-05 — Addition of officer JORGE HERNAN RUBIO C, secretario
- Between 1980-10-03 and 2019-01-05 — Addition of officer ROSENDO ZAMBRANO VEGA, suscriptor
- Between 1980-10-03 and 2019-01-05 — Addition of officer RUBIO & RUBIO 1, agent
- Between 1980-10-03 and 2019-01-05 — Addition of officer TEODORO EINSTEIN ROBINSON DUFF, suscriptor

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT PERFORMED**

4. Venue is proper in Miami-Dade County, Florida, as the claims and related property which are the subject hereof, at all times material, is and was located in Miami-Dade County, Florida.

5. The claims for declaratory relief made herein satisfy all of the conditions and requirements necessary to maintain actions in Miami-Dade Circuit Court, pursuant to §26.012, Fla. Stat.

6. The Circuit Court also possesses jurisdiction over the real property claims raised herein pursuant to § 65.021, *Fla. Stat.*[1]

---

[1] *See* § 65.021, Fla. Stat. ("Chancery courts have jurisdiction of actions brought by any person or corporation, whether in actual possession or not, claiming legal or equitable title to land against any person or corporation not in actual possession, who has, appears to have or claims an adverse legal or equitable estate, interest, or claim therein to determine such estate, interest, or claim and quiet or remove clouds from the title to the land. It is no bar to relief that the title has not been litigated at law or that there is only one litigant to each side of the

7. Accordingly, the Plaintiff has filed this action in this Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

8. All conditions precedent to the bringing of this action, and Plaintiffs right to the relief sought herein have occurred and have been performed.

## GENERAL ALLEGATIONS
## GERMANE TO THE ENTIRE COMPLAINT

9. The Plaintiff as owner and holder of Shareholder Certificate No. 2 for Transcol, S.A., a Panama entity, *i.e.*, the Shares, has the original shareholder certificate in possession, and has requested from the Defendants, on two separate occasions, an appraisal of the value of the Shares, including but not limited to disclosing the current par value of the shares as reflected on the books of Transcol, S.A., a Panama entity, together with requesting disbursement of all earned dividend distributions to date, and recapture of dividends previously issued.

10. The Defendants intentionally ignored these requests, such that a declaration of the Plaintiffs rights is now necessary, together with an award for damages for Defendants various breaches of their fiduciary duty in illegally refusing these lawful requests from valid shareholders.

11. Therefore, the Plaintiffs have satisfied the condition precedent of providing written notice to the Defendants. Subsequent to the Plaintiffs providing written notice, the Plaintiffs have incurred numerous other damages, including but not limited to the cost and expenses relating to the monthly rental rate they were entitled to, the type of property they were entitled to reside at, and the expenses of abruptly having to make inconsistent and alternative accommodations.

---

controversy or that the adverse claim, estate, or interest is void upon its face, or though not void on its face, requires extrinsic evidence to establish its validity.")

## COUNT I
### Declaratory Relief

The Plaintiffs reallege and aver paragraphs 1-11 above as if fully set forth herein.

12.  Unless it is declared that the Plaintiff holder of Shareholder Certificate No. 2 for Transcol, S.A., a Panama entity, *i.e.*, the Shares, has the original shareholder certificate in possession, and is entitled to all rights of ownership thereof, including but not limited to an appraisal of the value of the Shares, and disclosure of the current par value of the shares as reflected on the books of Transcol, S.A., a Panama entity, together with the earned dividend distributions to date, and recapture of dividends previously issued, the Plaintiffs will suffer immediate and irreparable injury, loss, and/or damage.[2]

13.  Accordingly, the declaration of the Plaintiffs rights is now necessary, together with an award for damages for Defendants various breaches of their fiduciary duty in illegally refusing these lawful requests from valid shareholders.

14.  Plaintiffs have a contractual, statutory, and equitable right to the declarations sought herein, regarding the Shares.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter a Declaratory Judgment against the Defendants, and to be recorded in the Public Records of Miami-Dade County, Florida, declaring that the original shareholder certificate in possession, is entitled to all rights of ownership thereof, including but not limited to an appraisal of the value of the Shares,

---

[2] *See Countrywide Home Loans, Inc. v. Burnette*, 177 So. 3d 1032, 1033 (Fla. 1st DCA 2015) ("Although the declaratory judgment statute is ... to be liberally construed ... one seeking a declaratory judgment must demonstrate 'a bona fide, actual, present and practical need for [the] declaration.' " *Dixie Ins. Co. v. Gaffney*, 582 So.2d 64, 65 (Fla. 1st DCA 1991) (*quoting May v. Holley*, 59 So.2d 636, 639 (Fla.1952)). … Absent a showing by Burnette that there was an actual, present need to determine whether the statute of limitations bars enforcement of the promissory note").

and disclosure of the current par value of the shares as reflected on the books of Transcol, S.A., a Panama entity, together with the earned dividend distributions to date, and recapture of dividends previously issued, together with such other and further relief as this Court deems just and proper, including any reasonable attorney's fees and costs incurred by the Plaintiffs.

### COUNT II
### Breach of Fiduciary Duty

The Plaintiffs reallege and aver paragraphs 1-11 above as if fully set forth herein.

15. The Defendant has breached its fiduciary duty to the Plaintiffs.

16. The Plaintiffs have suffered damages for this breach.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter judgment for damages against the Defendant, including pre-judgment and post-judgment interest, reasonable attorneys' fees and costs, pursuant to and in accordance with §§ 83.55, 83.54, and 83.51 Fla. Stat., together with such other and further relief as this Court deems just and proper.

### COUNT III
### Accounting

The Plaintiffs reallege and aver paragraphs 1-11 above as if fully set forth herein.

17. The Defendant owes a duty to the Plaintiffs for an Accounting as it relates to both the assets and balance sheet of Transcol, S.A., and the value/dividends issued/owed for the Shares.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter judgment commanding an accounting be undertaken by Defendant, including pre-judgment and post-judgment interest, reasonable attorneys' fees and costs, together with such other and further relief as this Court deems just and proper.

Date: September 27, 2020

Respectfully submitted,
Marrero, Chamizo, Marcer Law LP
*Counsel for the Plaintiffs*
3850 Bird Road, Penthouse One
Miami, Florida  33146
Telephone (305) 446-0163
Facsimile (305) 444-5538

By:  /s/ Julio C. Marrero, Esq.
     Julio C. Marrero, Esq.
     Florida Bar No. 784664
     julio@marrerorealestatelaw.com